# ORPHANS' COURT OF BALTIMORE CITY

Filed December 30, 1889.

## IN THE MATTER OF THE ESTATE OF CATHARINE FERGUSON, DECEASED.

*John H. Steele* for executor.

*Attorney-General Whyte* for State of Maryland.

LINDSAY, GANS, EDWARDS, JJ.—

This is a case of private debt owing to the estate of Catharine Ferguson, secured by a deed of trust, and being so returned to this Court, it was, of course, in a list of debts separate from the inventory and was not appraised, the question presented for decision is —"Is the debt so secured liable to the collateral inheritance tax?" Another point in the case is, can commissions be allowed the executor on such debt so secured and returned? The security not being returned to the Court in the inventory and therefore not appraised, it is clear that no commissions can be allowed upon it; the right to these being limited to assets appraised and so reported.

This seems to be the main burden in the case of Handy vs. Collins, in 60 Md. 215. This, however, does not exempt the same security from collateral inheritance tax. It is true that no provision has been made in our testamentary system for the appraisement of the debt, it is returned as separate and acknowledged to be amply secured. The general duty of the executor in such cases is to collect the debt, and his bond is responsible when it is possible to do this; and when it is collected there is no doubt that the collateral inheritance tax applies to it; nor would there be any doubt of this when the debt should become due and payable. True, in this case the debt is not due and payable nor will it be for several years to come. If, however, the legatees choose not to postpone the distribution until the debt is due and payable, but to take it now under

its invested form and receive the interest arising therefrom in the meantime, then there ought to be no question as to the duty to pay collateral inheritance tax thereon now. Being a valuable security, and one altogether safe, yielding a fair interest to the legatees, we can see no good reason why, passing to the legatees from the testatrix through the executor, and so becoming their property as really as in the case of any other property which passes under administration, it should not, at the time of such transmission, be in the same way liable to the collateral tax, and that, too, at its face value. Besides, the legatees, if they so prefer, may sell their interest in the security the day it passes to them, and have all the proceeds at their absolute disposal. The statute—Code, Art. 81, Section 102—is not only wide enough to include this debt, but sets it out specifically. Among the other details, all very comprehensive, it mentions "private securities," which is precisely the nature of the security in this case. Our opinion therefore is: (1) That no commission can be allowed on this security. (2) That it is liable to the collateral inheritance tax. (3) That the tax ought to be collected on the face value of the security. Therefore ordered, this 30th day of December, 1889, that the Register of Wills collect the collateral inheritance tax upon the said security, and that the commissions charged in the account be disallowed. Costs to be paid out of the estate.